[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Juan Hernandez seeks a mandatory injunction directing the City of Bridgeport to sell four parcels of real estate to him. The City claims it cannot sell the parcels to the plaintiff because the sales would violate a section of the Bridgeport Code of Ordinances which bars city employees from transacting business with the City. Having concluded the Ordinance is valid, I have denied the plaintiff's request for relief.
The plaintiff attacks the constitutionality of the Ordinance. The Ordinance in question, Section 2-283 of the Code of Ordinances, provides in pertinent part that "no contracts or undertakings shall be entered into by the City . . . with . . . any employee . . . of the City. . . ." There are two parts to the plaintiff's constitutional attack. First, he claims the Ordinance violates the due process clause of theFourteenth Amendment of the Federal Constitution. Second, he claims the Ordinance violates the equal protection clauses of theFourteenth Amendment of the Federal Constitution and the TwentyFirst Amendment of the Connecticut Constitution. These claims must of course be evaluated in the context of the facts and circumstances of this case.
The plaintiff is employed by the City as a custodian for the Board of Education. He is also a resident of the City. In 1990, the City advertised its intent to accept offers from the CT Page 3642 general public for the purchase of property it owns at 201 James Street, Bridgeport. The plaintiff submitted a proposal to the City, which was approved by the Common Council. This property is the subject of the first count of the plaintiff's complaint. The City also advertised its intent to accept offers from the general public for the purchase of three other parcels. The plaintiff submitted proposals. His proposals were not approved by the Common Council because a possible violation of Section 2-283 of the Code of Ordinances came to light. A City official requested an advisory opinion from the City Ethics Commission. The Commission concluded that the transactions were prohibited by the Ordinance.
The plaintiff's first claim relates to the due process clause. "[T]he right to make contracts is imbraced in the concept of liberty under the due process clause of theFourteenth Amendment to the United States Constitution." Real Estate Listing Service, Inc. v. Real State Commission, 179 Conn. 128,136 (1979). A person's freedom to contract may, however, be limited by governmental regulations that are reasonably necessary to secure the general welfare of the community. Id.; Brazo v. Real Estate Commission, 177 Conn. 515, 524-25 (1979). Here, there is a legitimate basis for the Ordinance in question.
The city has an interest in protecting the public properties entrusted to it. The City also has an interest in keeping its contracts and business transactions free from the taint of corruption and free from the appearance of impropriety. Section 2-283 of the Code of Ordinances furthers this objective in a reasonable and impartial way.
The plaintiff argues that there is no rational basis for a blanket prohibition against all City employees transacting business with the City. There is indeed a rational basis for the prohibition. The City has drawn a bright line by which municipal employees and the public can easily see the proper course of conduct to be followed by municipal employees. By selecting a clear standard, the City has avoided those gradations of judgment on ethical questions which could erode the public's confidence in those who manage the City's business affairs.
The plaintiff also argues that his constitutional rights are violated because the Code of Ordinances impermissibly establishes classes of people who can and cannot do business with the City. While the plaintiff expresses this argument in terms of both the due process and equal protection clauses, he bases his challenge mainly on the equal protection clauses of the Federal and State Constitutions. He contends the Code of Ordinances creates classifications which irrationally impinge on CT Page 3643 his ability to contract with the City. He claims the Code improperly creates a distinction between City employees and members of the public and further creates a distinction between City employees like the plaintiff and City employees who are exempted from the prohibition of Section 2-283 by the exceptions set forth in Section 2-285 of the Code. Section 2-285 exempts financial institutions and their employees from the prohibitions set forth in Section 2-283.
In reviewing this claim, the proper standard for this court to apply is the rational basis standard. See Horton v. Meskill,172 Conn. 615, 640 (1977). Under this standard, the legislation will withstand constitutional attack on equal protection grounds if a legislative distinction is founded on a rational basis. Liistro v. Robinson, 170 Conn. 116, 124 (1976). The plaintiff bears the burden of establishing that the legislative distinction is without a rational basis. Miller v. Heffernan,173 Conn. 506, 509 (1977).
The first classification of which the plaintiff complains is between City employees and members of the public. Clearly, the City has an interest in monitoring City employees who transact business with the City. There is a rational basis for this distinction. The plaintiff has not proven otherwise.
The second classification of which the plaintiff complains is between City employees in general and City employees who are exempted from the prohibition of Section 2-283 by the operation of Section 2-285. There is a sound basis for a distinction between City employees in general and City employees who have financial expertise. Municipalities constantly borrow funds in the financial markets. Persons who can best advise the City on such matters are those who are familiar with the City's current financial condition as well as the current condition of the financial markets. Section 2-285 enables the City to take advantage of this expertise through the part-time employment of such persons.
"When a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear. . . ." Snyder v. Newtown, 147 Conn. 374, 390 (1960). Based upon the foregoing analysis I have concluded that there is a rational basis for the classifications of which plaintiff complains and that Sections 2-283 and 2-285 do not deny the plaintiff equal protection.
The sales of the lots to the plaintiff are barred by a valid City Ordinance. Accordingly, the injunctive relief requested by the plaintiff cannot be granted. CT Page 3644
Judgment shall enter for the defendant City of Bridgeport and the defendant Mary C. Moran, Mayor of the City of Bridgeport.
THIM, JUDGE